CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RY. CO.

*v.*

THE PEOPLE *ex rel.* Daniel F. Brown, County Treasurer.

*Opinion filed December 22, 1904.*

1. TAXES—*the presumption is that a tax was legally levied.* The presumption is that a tax was legally levied, and the burden is upon an objecting tax-payer to prove the contrary.

2. ABSTRACT OF RECORD—*when petition should be set out in abstract.* One relying upon the alleged insufficiency of a petition for an election to return to the cash system of paying road taxes as invalidating the tax, should set out the petition in the abstract of record and show that the election was, in fact, held under that petition.

APPEAL from the County Court of Montgomery county; the Hon. M. J. McMURRAY, Judge, presiding.

JETT & KINDER, and GEORGE F. McNULTY, for appellant.

H. J. Hamlin, Attorney General, and L. V. Hill, State's Attorney, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

The county court of Montgomery county, over the objection of the appellant, entered judgment and order of sale against the appellant's property for the delinquent road and bridge taxes of Irving township, in said county, amounting to the sum of $301.87, for the year 1903. But one ground of reversal is urged, namely, that the tax was levied under the cash system, while the township had adopted the labor system and was operating under it at the time of the levy.

On August 4, 1883, a petition was filed with the town clerk, as provided in section 80 of chapter 121 of our statutes, asking that the question of the adoption of the labor system be submitted to a vote of the people. An election was held and the labor system adopted, and subsequent taxes were levied and collected under it until 1903. In 1885 said section 80 was amended, so that any town having adopted the labor system could abolish the same by petition and vote in the same manner as provided for its adoption. On March 21, 1903, a petition seems to have been filed with the town clerk asking that the question of paying the district road tax be submitted to a vote of the people at the next April election, and at the election following a majority of the votes were cast in favor of the cash system. Subsequent to this vote all taxes were assessed under the cash system, including that in question here. It is now claimed by the appellant company that the petition filed with the town clerk on March 21 was signed by twenty-four legal voters, whereas it should have been signed by twenty-five; that it was therefore not in compliance with the statute, and the election held in pursuance thereof was null and void.

Conceding the soundness of the view and that the question was properly raised by the objections filed below, it is not sustained by the evidence appearing from the abstract of

the record filed by the appellant. All that is shown in that record is the following recital: "Petition to vote on money system.—To the town clerk of the town of Irving.—Twenty-four persons, claiming to be legal voters, asked to have the proposition to pay in money the district labor and property road tax submitted to the legal voters of said town at the annual town meeting to be held on the first Tuesday of April, 1903.—Filed March 21, 1903." Manifestly, this does not pretend to be the petition upon which the election was held, but is simply a statement by counsel for appellant of their conclusion as to its legal effect. There is nothing in the abstract to show that the petition itself was not, in fact, signed by twenty-five legal voters. There is nothing here to show that the petition mentioned in the foregoing statement was the petition upon which the election was held. From all that appears in this abstract a petition may have been signed by the requisite number of legal voters, or another and different petition may have been presented as a basis for the election which was held. If appellant desired to rest its case upon the fact that the election returning to the cash system was illegal because not petitioned for by twenty-five legal voters, it should have set out the petition, so that we might determine whether it was in conformity with the requirements of the statute, and it should have been made to appear that the election was in fact held under that petition. The presumption is that the tax was legally levied, and the burden of proof was upon the appellant to establish the contrary. The evidence falls far short of this requirement.

We are of the opinion that the county court properly overruled the objections and entered the judgment and order of sale.                    *Judgment affirmed.*