THE PEOPLE *ex rel.* Will L. Talbott, County Treasurer,

*v.*

THE TOLEDO, PEORIA AND WESTERN RAILWAY COMPANY.

*Opinion filed October 23, 1907.*

SCHOOLS—*school district cannot incur indebtedness in excess of constitutional limit.* Where a school district about to erect a school building can issue bonds for only part of the cost of construction without exceeding the constitutional limit of indebtedness, it has no power, after issuing the bonds, to then issue warrants for the balance of the cost of construction, and a tax levied to pay warrants issued for that purpose is invalid. (*People* v. *Chicago and Texas Railroad Co.* 223 Ill. 448, explained.)

WRIT OF ERROR to the County Court of Livingston county; the Hon. C. F. H. CARRITHERS, Judge, presiding.

This was an application to the county court of Livingston county by plaintiff in error for judgment against the property of defendant in error for delinquent school taxes for the year 1905, levied by the board of education of school district 192 of said county.

From the record it appears that in the spring of 1902 the school building in this district was totally destroyed by fire. Soon after this occurrence an election was held authorizing the board of education to erect a new school building and to issue bonds to the amount of $25,000 to meet its cost. The contract was let, and after the first story of the building had been completed an attempt was made to dispose of the bonds, when it was discovered that the district could legally issue bonds only to the amount of $8561.55. A second election was called, at which it was voted to issue bonds to the amount of $8500, and these bonds last mentioned were afterward issued and sold. The building was completed in 1903 at a cost of about $25,000, and after applying the proceeds from the sale of the bonds on this indebtedness, warrants drawing interest at the rate of six percentum per

annum were issued by said board for $17,750, the balance of the cost of construction, of amounts and on dates as follows, to-wit: $5000 on August 5, 1903, $4250 on September 12, 1903, and $8500 on September 29, 1903. Prior to the time of the levy in question the principal of warrants to the amount of $5000, with interest thereon, had been paid by taxation, leaving warrants in the principal sum of $12,750 still outstanding, which mature at the rate of $2000 a year. In 1905 a tax of two and one-half percentum for school purposes and a tax of one-quarter of one percentum to apply on the bonded indebtedness were extended and are not here in question. In addition, the board of education certified and the county clerk extended a tax of two and one-half percentum for building purposes, which was to be applied upon the indebtedness represented by the warrants above mentioned. The defendant in error refused to pay the tax last mentioned, which was levied for building purposes, and objected to judgment being entered for the same, for the reason that it was levied "for the purpose of paying indebtedness contracted in excess of the limit authorized by the constitution of this State." The court sustained the objection and entered judgment denying the application. The People *ex rel.* bring the record here by writ of error.

R. S. McIlduff, and B. R. Thompson, for plaintiff in error.

A. C. Norton, for defendant in error.

Mr. Justice Scott delivered the opinion of the court:

The board of education in 1903, in constructing a school house, used money, the proceeds of an issue of bonds amounting to $8500, which was within $61.55 of the amount of indebtedness which it might lawfully incur under the constitution. In addition to that, at the same time and for the same purpose it incurred an indebtedness of $17,750, for

which it issued warrants, bearing interest, payable at various times in the future. An amount far in excess of the $61.55 for which it might lawfully have issued its warrants was paid by money arising from the levy of taxes prior to the levy for the taxes of the year 1905 now under consideration. The tax now in question was levied to apply upon the principal and interest of the remainder of the indebtedness for which warrants were originally issued.

It is too plain for argument that the indebtedness last mentioned was incurred in violation of that constitutional provision which forbids any school district becoming indebted "in any manner or for any purpose to an amount, including existing indebtedness, in the aggregate exceeding five percentum on the value of the taxable property therein." (Const. 1870, art. 9, sec. 12.) This tax, levied to pay an indebtedness forbidden by the constitution, is therefore invalid. *Culbertson* v. *City of Fulton,* 127 Ill. 30.

Plaintiff in error places great reliance upon the case of *People ex rel.* v. *Chicago and Texas Railroad Co.* 223 Ill. 448. That case merely holds that when a school district has exhausted its ability to borrow money for the purpose of building a school house, and the building is incomplete after the expenditure of money so borrowed, "there is no doubt of the power of the board to levy up to the statutory limit for building purposes, and continue to do this from year to year until a sufficient amount of revenue is raised to complete the building,"—that is, for the purpose of completing the building taxes may be levied each year and the fund may be expended after the money is provided. That case does not hold or intimate that an indebtedness may be incurred in excess of the limit fixed by the constitution, for the purpose of completing the unfinished school building and paid by taxes thereafter levied for building purposes.

The judgment of the county court will be affirmed.

*Judgment affirmed.*