(No. 11909.—Judgment affirmed.)
THE PEOPLE *ex rel.* S. L. James, County Collector, Defendant in Error, *vs.* W. H. MARTIN, Plaintiff in Error.

*Opinion filed April 17, 1918.*

1. TAXES—*tax may be levied to complete a school building although bonds have been issued up to constitutional limit.* Although a school district has issued bonds for an amount within less than $100 of the constitutional limit of its indebtedness for the purpose of building a school house, it may afterwards levy a tax for building purposes to raise money to complete the building when the money from the sale of the bonds has been expended. (*People v. Chicago and Texas Railroad Co.* 223 Ill. 448, followed.)

2. SAME—*burden is on objector to establish invalidity of tax.* On the application of the county collector for judgment and order of sale for delinquent taxes the presumption is that the taxes were legally levied, and the burden of proof is upon the objector to a tax to overcome the *prima facie* case made by the collector.

WRIT OF ERROR to the County Court of Effingham county; the Hon. BARNEY OVERBECK, Judge, presiding.

G. F. TAYLOR, and G. P. DENTON, for plaintiff in error.

PAUL TAYLOR, and BYRON PIPER, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

The judgment of the county court of Effingham county overruling objections filed to the application of the county collector for a delinquent school tax in district No. 38, in said county, and entering judgment and order of sale against the land of W. H. Martin for said tax, is brought to this court for review by writ of error.

The tax objected to was levied by said school district against Martin's land in 1916 for building purposes and amounts to $35.71. Objector paid the tax levied for educational purposes and objected to the tax for building purposes. The objections in their final analysis may be re-

duced to three, which are: (1) That no election was held in such district for the purpose of locating a school house site; (2) that the levy for the tax was not legally made; and (3) that if the levy was legally made it was to pay an existing debt illegally contracted because beyond the amount such school district is by the constitution allowed to become indebted for.

The record shows the school district owned a site on which the old building stood, and the old building was removed and the new building erected on the same site. It was not required, therefore, that an election should be held to vote upon a site.

As we understand the situation, the board of directors of school district No. 38, in Effingham county, at a meeting held July 1, 1916, adopted a resolution declaring that the school house in said district was unsuitable and inconvenient for further use as a school house, and ordered an election to be held for the purpose of voting on the proposition of building a new school house and issuing bonds therefor in the sum of $3700, bearing interest at the rate of five per cent per annum. Both propositions carried by a vote of seventy-two for to one against. The bonds were issued and sold. The board of directors advertised for bids for the construction of the new school house, but none of the bids received being satisfactory all were rejected, and the board employed a man to procure the material and labor and look after the building of the school house, the board paying him for his services and paying for the material used and labor performed. The bond issue was for an amount within less than $100 of the five per cent indebtedness the district was permitted by the constitution to incur. As we understand, the money procured from the sale of the bonds was expended in the construction of the building but lacked in the neighborhood of $1000 of being sufficient for that purpose, and that the tax objected to was levied for the purpose of completing and paying for the construc-

tion of the building. The case in this respect appears to be identical with *People* v. *Chicago and Texas Railroad Co.* 223 Ill. 448. There the school district had issued bonds for the purpose of building a school house, up to the constitutional limit of its indebtedness, and afterwards levied a tax for building purposes to raise money to complete the building, and the tax for that purpose was sustained. That case was approved in *People* v. *Toledo, Peoria and Western Railway Co.* 229 Ill. 327, but was held not to be applicable to the situation presented in that case.

It is further contended that the tax was not levied at any meeting held by the board of directors. We do not think the proof made and preserved in the record upon that question sustains appellant's contention. No question appears to have been raised at the hearing as to the making of the certificate of levy for the tax by the board of directors and filing the same, as required by law. The claim of appellant is that the levy was not made at any meeting of the board of directors. The clerk of the board of directors produced the record containing the proceedings of the board at its meetings, from which it appeared that three meetings of the board were held after the election on the proposition of building the school house and issuing bonds and before the time required by law for making the tax levy had expired. These minutes were not read and it nowhere appears what proceedings were had by the board at these meetings. The clerk of the board simply testified that meetings were held July 12, 22 and 31, 1916, and at other dates both subsequent and prior to those dates. The minutes of the board meetings do not appear to have been introduced for the purpose of showing no levy was made at any board meeting but for other and different purposes. No attention was called to the fact, at the time the minutes were introduced, that they failed to show the making of the tax levy, and, the minutes not being set out in the abstract or even in the record itself, we would not be warranted in

assuming that the records failed to show that the tax was levied at a meeting. The presumption is the other way,—that the tax was legally levied,—and the burden of proof is upon the objector to establish the contrary. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People,* 212 Ill. 551.

The judgment of the county court is affirmed.

> *Judgment affirmed.*