THE PEOPLE ex rel. O. P. Harper, County Collector, Appellant, vs. JOHN IRVIN et al. Appellees.

*Opinion filed April 20, 1927.*

1. TAXES—*when county collector makes prima facie case—burden of proof.* Where the county collector has filed a sworn report of the list of delinquent lands, together with proof of publication and notice of the application, as required by statute, he makes a *prima facie* case for judgment, and an objection to village taxes that the lands are outside the village will not avail without further proof; and the collector's *prima facie* case raises a presumption that all antecedent steps have been taken by the proper taxing body, the burden being on the objector to prove the contrary.

2. SAME—*when appropriation and levy ordinances are sufficiently itemized.* Village appropriation and levy ordinances need not give in detail each particular object for which the tax is to be expended but it is sufficient if the object and purpose of the appropriation and the amount appropriated for such purpose are specified, and levying a certain sum for "salaries of village officials," another sum for "street and alley improvements and maintenance," and another for "election expenses," is sufficient.

3. SAME—*Supreme Court can consider only written objections filed in county court.* The Supreme Court, in reviewing a judgment sustaining objections to taxes in the county collector's proceeding, can consider only those objections filed in writing in the county court.

APPEAL from the County Court of Hamilton county; the Hon. JOHN W. BROWNING, Judge, presiding.

W. W. DAILY, State's Attorney, J. H. LANE, CONGER & ELLIOTT, and L. L. HAMILTON, for appellant.

325—32

HARRY ANDERSON, and CREIGHTON & THOMAS, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellant, as county treasurer and *ex-officio* county collector of Hamilton county, filed his application in the county court of that county for judgment against the lands of the several appellees for alleged delinquent village taxes of the village of Broughton for the year 1925. Appellees filed objections thereto, which upon hearing were sustained by the court and the application dismissed as to them. Appellant has appealed from that judgment to this court.

Appellees' first objection is that the lands in question lie outside of the village of Broughton. No evidence was introduced upon that subject. Appellant filed a sworn report of the list of delinquent lands, together with proof of publication and notice of the application, as required by statute, and thus made a *prima facie* case authorizing a judgment without further proof. *People* v. *Chicago, Indianapolis and St. Louis Short Line Railway Co.* 243 Ill. 221.

It is next contended by appellees that the appropriation and the levy ordinances were not sufficiently itemized. The ordinances each contained the same itemization, viz.: "For salaries of village officials, $700; for street and alley improvements and maintenance, $1000; for election expenses, $50; for printing and supplies, $50; total $1800." It is not necessary in these ordinances to give in detail each particular object for which the tax is to be expended. It is sufficient that the ordinances specify the object and purpose of the appropriation and the amount appropriated for such purpose. These ordinances are sufficiently specific to meet the requirements of the statute. *People* v. *Clark,* 296 Ill. 46; *People* v. *Jackson,* 272 id. 494.

Another of appellees' objections is, that neither ordinance was passed by the village board of trustees in accord-

ance with law. Appellees introduced in evidence an ordinance book of the village published in 1898 which contained the following rule: "No memorial, petition, resolution, ordinance or other matter shall be finally passed upon until it has been read in open session of the board; nor shall any memorial, petition, resolution, ordinance or other matter be finally passed upon at the same session of its introduction, unless a vote of two-thirds of the board shall suspend this rule." It is contended by appellant that this rule was not in force in 1925, and evidence was introduced tending to show that a book of ordinances had been published by the board of trustees superseding the publication of 1898. It is likewise contended that this rule does not apply to ordinances of this character. It is not necessary for us to pass upon these questions. When appellant made his *prima facie* case this raised a presumption that all the antecedent steps had been taken by the taxing body and that the tax was legal, and the burden of proof then rested upon appellees to overcome this presumption by evidence that such steps had not been properly taken. (*Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People,* 212 Ill. 551.) While the records of the village clerk show that the appropriation ordinance was passed and approved on June 5, 1925, and the levy ordinance on September 4, 1925, appellees introduced no records or evidence of any kind showing that the purported rule had not been followed and each ordinance presented and read at a meeting of the board of trustees prior to the meeting at which it was passed.

It is contended that the ordinances were not passed by the required number of votes. The clerk's record shows that five of the six members of the board of trustees were present and that each of them voted for the passage of the ordinances. The clerk testified to the truth of this statement. While his record as originally made showed only three members voting, prior to the trial he amended it, in

accordance with the rule in *People* v. *Hartquist*, 315 Ill. 228, to make it conform to the facts.

It is next contended by appellees that the appropriation ordinance was not published in accordance with law. It was published by posting, in accordance with the provisions of the statute in case no newspaper is published in the village. Appellees failed to prove that any newspaper was published in the village, and in the absence of such proof in this case we must presume that none was published.

Other objections are argued, but we can only consider those filed in writing in the county court. This we have done, and find that none of them were well taken and that the court should have overruled them.

The judgment of the county court is reversed and the cause remanded to that court, with directions to enter judgment for the taxes in question.

*Reversed and remanded, with directions.*