BOEHM AND WEINSTEIN, CHTD., Plaintiff-Appellant, *v.* THE CITY OF CHICAGO, Defendant-Appellee.

First District (1st Division)    No. 76-1149

Opinion filed June 26, 1978.

Allen C. Engerman and Barry A. Erlich, both of Solomon, Rosenfeld, Elliott, Stiefel & Engerman, Ltd., of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Henry P. Gruss, Assistant Corporation Counsel, of counsel), for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This action arose when plaintiff Boehm and Weinstein, a professional corporation, was retained by a Chicago policeman to pursue any claims he had against a third-party tortfeasor by reason of injuries sustained in an on-the-job automobile accident. Defendant, City of Chicago paid the police officer's medical and hospital expenses pursuant to statutory obligation and then notified both plaintiff and the third-party tortfeasor that it claimed a lien upon any cause of action against the third party for amounts paid.

Thereafter, plaintiff effectuated a settlement of the police officer's claim against the third-party tortfeasor. In satisfaction of this settlement, the third party's insurance carrier forwarded to plaintiff two checks, one payable to the police officer and plaintiff and a second check payable to

defendant in satisfaction of its lien. Plaintiff then informed defendant that it had secured reimbursement for medical expenses paid by defendant and requested 25% of that amount as attorneys' fees. When defendant refused to pay attorneys' fees, plaintiff filed a class action on behalf of itself and all others similarly situated.

During the bench trial, defendant filed a motion to dismiss. The motion was granted on the basis that no contract existed between plaintiff and defendant and further, that this was not a proper class action inasmuch as attorneys do not need their rights protected by a class action.

On appeal, plaintiff argues that the trial court erred in that (1) a contract between plaintiff and defendant is not required; (2) there is a sufficient community of interest among the members of the class; and (3) attorneys are not precluded from class actions.

We affirm with directions.

The facts are not disputed. Ronald Dubielak, an officer of the Chicago Police Department, was involved in an automobile accident with another vehicle, while on duty. As a result of the accident, defendant City of Chicago expended $400.40 in medical expenses for Dubielak's injuries. These monies were paid pursuant to section 22—19 of the Municipal Code of Chicago. In the interim, Dubielak hired the law firm of Boehm and Weinstein, plaintiff in this case, to represent him with regard to any claims he might have against the third-party tortfeasor.

Defendant's Committee on Finance sent letters to both the third-party tortfeasor and plaintiff, notifying them that it claimed a lien upon any cause of action Dubielak had against the third party in the amount of $400.40. The letter to plaintiff further stated "Protection of the City's expenses and rights of recovery is appreciated."

Thereafter, at Dubielak's direction and with his consent, plaintiff effectuated a settlement of the claim against the third-party tortfeasor in the amount of $4,900.40. In satisfaction of this settlement, third party's insurance carrier forwarded to plaintiff two checks, one for $4,500 payable to Dubielak and plaintiff, and a second check for $400.40 payable to defendant in satisfaction of its lien. Plaintiff then informed defendant that it had secured reimbursement for medical expenses paid by defendant, from the third party's insurance carrier. Plaintiff also enclosed a statement requesting attorneys' fees of 25% of the amount payable to defendant. When defendant refused to pay attorneys' fees, plaintiff initiated this class action suit on behalf of itself and all other attorneys similarly situated.

During the bench trial that ensued, defendant filed a motion to dismiss. The trial court granted the motion on the basis that plaintiff's complaint failed to state a cause of action inasmuch as no contractual agreement existed between plaintiff and defendant. The court further held that the

class which plaintiff sought to establish was not proper since practicing attorneys are not in need of the protection of a class action and also that contractual relationships between defendant and such attorneys might differ in each case. Plaintiff then filed this appeal.

■■ Plaintiff first argues that the trial court erred in holding that the complaint failed to state a cause of action, due to the lack of an express, contractual agreement between plaintiff and defendant. He cites *Baier v. State Farm Insurance Co.* (1977), 66 Ill. 2d 119, 361 N.E.2d 1100, for the proposition that an attorney has the right to recover attorney's fees in a subrogation situation where the subrogee benefits as the result of a settlement obtained through the attorney's efforts. Plaintiff further argues that under *Baier* the existence of a contract is not necessary since recovery is based on equitable principles.

While plaintiff accurately describes the holding in *Baier*, it is not controlling in the case at bar. In *Baier*, an attorney hired by the insured, brought a class action suit against State Farm Insurance Co. seeking to recover attorney's fees after negotiating a settlement with the third-party tortfeasor and recovering State Farm's subrogated medical payments claim. Relying on the "common fund doctrine" and the equitable principles associated with it, the Illinois Supreme Court held that since the plaintiff-attorney was responsible for creating the fund from which State Farm's subrogated claim was paid, it was required to reimburse the attorney for his efforts in negotiating the settlement.

However, the present case is distinguishable from the situation in *Baier*. In *Baier* there was an express agreement between State Farm and the insured, subrogating State Farm to any claim the insured had against a third party tortfeasor. It was also expressly agreed that the insured would initiate any lawsuit against a third-party tortfeasor and reimburse State Farm for amounts paid to the insured. Here there is no such agreement between defendant and officer Dubielak. There was only the vague statement from defendant to plaintiff acknowledging that "Protection of the City's expenses and rights of recovery is appreciated." As stated in *Maynard v. Parker* (1977), 54 Ill. App. 3d 141, 145, 369 N.E.2d 352, 355:

> "The allowance of counsel fees from a fund is capable of great abuse, and should be exercised with the most jealous caution * * *. In cases such as this it is better to leave those concerned to contract for the compensation to be paid for the services rendered or received."

While it is true that defendant's statutory right (Ill. Rev. Stat. 1975, ch. 108½, par. 22—306) to recover the $400.40 in medical expenses has been construed as a right of subrogation (*Maynard v. Parker* (1977), 54 Ill. App. 3d 141, 369 N.E.2d 352), that fact alone is insufficient to require the application of the "common fund doctrine." We believe the doctrine

should be used with caution. As noted in *Baier* the concept has been limited almost exclusively to cases where the subrogee was an insurance carrier.

■■ Plaintiff next argues that the trial court erred in holding that there is an insufficient community of interest among the members of the class to maintain a class action. He also argues that the trial court erred in holding that attorneys do not need the protection of a class action suit. Because plaintiff's cause of action fails, it is unnecessary for us to consider these contentions. Illinois law clearly holds that if the named plaintiff's personal cause falls, the entire class action falls. *Perlman v. First National Bank* (1973), 15 Ill. App. 3d 784, 305 N.E.2d 236; *De Phillips v. Mortgage Associates, Inc.* (1972), 8 Ill. App. 3d 759, 291 N.E.2d 329.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed. Plaintiff is directed to return to the third-party tortfeasor's insurance carrier the $400.40 check made payable to defendant. In so directing, we do not derogate the right of defendant to take available legal means to recover the amount it expended.

Order affirmed with directions.

GOLDBERG, P. J., and BUCKLEY, J., concur.