BOARD OF EDUCATION, SCHOOL DISTRICT NO. 150, PEORIA, *et al.*, Plaintiffs-Appellants, *v.* THE GREATER PEORIA SANITARY AND SEWAGE DISPOSAL DISTRICT, Defendant-Appellee.

Third District    No. 79-142

Opinion filed January 29, 1980.

William McDowell Frederick, Julian E. Cannell, and Phillip B. Lenzini, all of Kavanagh, Scully, Sudow, White & Frederick, of Peoria, for appellants.

Michael O. Gard, Frederick A. Johnson, and Jay D. Johnson, all of Swain, Johnson & Gard, of Peoria, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

After the Greater Peoria Sanitary and Sewage Disposal District adopted an ordinance imposing user charges for its waste disposal services, two governmental units within the sanitary district filed suit challenging the validity of the ordinance. The trial court ruled in favor of defendant sanitary district, and so the Board of Education of School District No. 150 of Peoria and The Pleasure Driveway and Park District of Peoria, plaintiffs, have perfected this appeal.

The corporate boundaries of the defendant sanitary district encompass most of the city of Peoria, all of the municipalities of Bartonville and Peoria Heights, and additional unincorporated areas within Peoria County. Acting pursuant to section 7 of the Sanitary District Revenue Bond Act (Ill. Rev. Stat. 1977, ch. 42, par. 319.7), the board of trustees of defendant adopted Ordinance No. 301 on April 18, 1978. This ordinance establishes charges which apply to all residential, commercial, institutional and industrial customers for the use of defendant's collection and wastewater treatment facilities.

Plaintiffs' amended complaint, which sought a declaratory judgment and injunction against defendant, contained three counts. Counts I and III challenged the ordinance on numerous constitutional, statutory, and decisional grounds, which we will consider in detail below, and count II asserted a class action on behalf of all users based upon the same

allegations as were set out in count I. Upon defendant's motion, the trial court struck certain irrelevant allegations of count III, and then, after defendant answered counts I and III, the court granted summary judgment in favor of defendant upon counts I and III and dismissed count II. Plaintiffs then filed a second amended complaint containing a single class action count which was dismissed with prejudice for failure to state a proper cause of action.

Upon appeal, plaintiffs first argue that defendant's ordinance imposing charges for sewage service is in violation of the well-established rule that one unit of local government cannot force a second governmental unit to levy taxes to be paid to the first for its corporate purposes. In support of their argument plaintiffs cite *Morgan v. Schusselle* (1907), 228 Ill. 106, 81 N.E. 814, where the supreme court ruled unconstitutional a statute which authorized drainage district commissioners to construct a bridge over a drainage ditch and to collect the cost thereof from the township road and bridge fund. Plaintiffs also cite *People ex rel. Burow v. Block* (1916), 276 Ill. 286, 119 N.E. 527, where the court struck down a statutory provision requiring a township to pay for construction of a bridge across any drainage ditch which cut across a highway in a natural depression, channel, or watercourse. In both cases the court interpreted sections 9 and 10 of article 9 of the Illinois Constitution of 1870 as prohibiting one municipality from forcing another to levy taxes for the corporate purposes of the first, and the same principle was restated in *Flynn v. Kucharski* (1970), 45 Ill. 2d 211, 258 N.E.2d 329, the decision which invalidated a collection fee charged by township tax collectors.

■■ The decisions relied upon by plaintiff are not applicable to the case before us. When a park district or a school district undertakes to provide facilities and services for the public benefit, numerous expenses are incurred which the districts must pay, and one of those expenses is the disposal of wastewater. In the case at bar, plaintiffs use defendant's sewage disposal services, and so plaintiffs must pay that expense just as they pay for water, gas, telephone, electricity, and bridge tolls. We think it perfectly proper for plaintiffs to use their tax revenues to pay such necessary operating expenses as sewage charges.

■■ Plaintiffs also contend that defendant's charges are in fact taxes and that plaintiffs' property is entitled to tax exempt status. Plaintiffs' reason that the charges amount to taxes because use of the sewer service is mandatory; because the ordinance provides for interest, penalties, liens, forfeitures, and criminal sanctions; and because the charges are levied against the property owners rather than the users. The latter statement ignores the fact that the charges may be the obligation of the users of the sewer service, that the charges are based upon the quality and

quantity of their use, and that delinquencies become a lien upon the premises pursuant to section 7 of the Sanitary District Revenue Bond Act (Ill. Rev. Stat. 1977, ch. 42, par. 319.7). As noted earlier, the charge in dispute here is simply a charge for the use of a service and is imposed only upon users of the system. Under the weight of authority, a charge for sewer service is not a tax. (64 C.J.S. *Municipal Corporations* §1805(d)(1) (1950); *cf. Hartman v. Aurora Sanitary District* (1961), 23 Ill. 2d 109, 177 N.E.2d 214; *Spalding v. City of Granite City* (1953), 415 Ill. 274, 113 N.E.2d 567.) Even though connection to the sewer system is required by ordinance, that fact does not change the service charge into a tax and does not entitle plaintiffs to claim a tax exemption. This method of financing sewer services is authorized by statute (Ill. Rev. Stat. 1977, ch. 42, par. 319.7), and defendant's ordinance is, in our opinion, a proper means of exercising that authority.

●■■ Plaintiffs also assert that Ordinance 301 is unconstitutional because the charges, if not taxes, constitute fees which will be used to pay salaries and office expenses of defendant in violation of the first sentence of section 9(a), article VII, Illinois Constitution of 1970. Section 9(a) provides:

> "Compensation of officers and employees and the office expenses of units of local government shall not be paid from fees collected. Fees may be collected as provided by law and by ordinance and shall be deposited upon receipt with the treasurer of the unit. Fees shall not be based upon funds disbursed or collected, nor upon the levy or extension of taxes."

The purpose of this section is to eliminate fee-supported offices in general and tax-collection fees in particular. (*City of Joliet v. Bosworth* (1976), 64 Ill. 2d 516, 356 N.E.2d 543.) The second sentence of section 9(a) expressly permits units of local government to collect fees where authorized by law and by ordinance subject to the conditions specified. (See *Century Community Unit School District No. 100 v. McClellan* (1975), 27 Ill. App. 3d 255, 327 N.E.2d 32.) Clearly the sewer service charge in the case at bar is not prohibited by the State constitution.

■■ Plaintiffs argue briefly that there are material facts in dispute which would preclude entry of summary judgment. We have reviewed the pleadings and motions, and we conclude that those facts which are material and relevant are not in dispute. Summary judgment was entered on counts I and III. All of the issues raised by those counts were resolved as a matter of law by looking to Ordinance No. 301, the statute, and the Illinois Constitution of 1970, and therefore no trial was necessary.

●■■ Finally, plaintiffs argue that the class action count should not have been dismissed since that count met the legal requirements for a class action. This contention must be rejected. The law of Illinois is clear that,

where a plaintiff has no individual cause of action, any attempted class action must also fail. (*Landesman v. General Motors Corp.* (1978), 72 Ill. 2d 44, 377 N.E.2d 813; *Boehm & Weinstein, Chtd. v. City of Chicago* (1978), 62 Ill. App. 3d 68, 379 N.E.2d 4.) The fact that count II contained allegations of arbitrary and capricious enforcement under the ordinance, which were not contained in counts I and III, does not alter the general rule.

For the reasons stated, we affirm the judgment of the Circuit Court of Peoria County.

Affirmed.

STOUDER, P. J., and SCOTT, J., concur.