THE GREATER PEORIA SANITARY AND SEWAGE DISPOSAL DISTRICT, Plaintiff-Appellee and Cross-Appellant, v. WILLIAM L. HERMANN, Defendant-Appellant and Cross-Appellee.

Third District No. 3—86—0439

Opinion filed March 20, 1987.

Robert D. Gaubas, Ltd., of Peoria (Robert D. Gaubas, of counsel), for appellant.

Swain, Johnson & Gard, of Peoria (Donald L. Robinson, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

Appellant, William L. Hermann, appeals from the judgment entered by the circuit court of Peoria County ordering payment of the sum of $740.43 to the appellee, Greater Peoria Sanitary and Sewage Disposal District, for residential sewerage service, plus costs of $43. The District cross-appeals the trial court's refusal to render judgment for attorney fees incurred in prosecution of its claim against Hermann.

Hermann challenged the validity of the District's rate setting for residential sewerage services by paying the user charge for a short period of time following enactment in 1978 of the District's initial ordinance establishing user charges, and then ceasing to pay any charges levied by the District thereafter. In December 1983, the District brought suit seeking payment of user charges for service provided to Hermann's personal residence and apartment building. A bench trial was held in May 1984, and the trial court entered judgment ordering Hermann to pay the user charges calculated by the District, plus court costs and attorney fees.

In January 1985, a hearing was held on the District's motion to assess attorney fees against Hermann. The trial court denied the District's motion, and the District thereafter filed a motion to reconsider the order denying attorney fees. After hearing, the trial court denied the District's motion. In May 1985, Hermann filed a motion for rehearing and reconsideration of the judgment order entered in July 1984, and the trial court denied the motion in May 1986.

Hermann brings the instant appeal, contending the trial court erred in (1) finding the rates charged by the District for residential sewerage services were reasonable and not arbitrary; (2) denying Hermann's post-trial motion to reopen his case to allow in evidence regarding his nonsewered water usage; and (3) not changing the amounts claimed due because of alleged errors in the District's calculation of penalties and interest applied to his billings. The District cross-appeals, contending the trial court erred in denying its request for an award of attorney fees

██ The rates for sewerage service being challenged were established by the District's board of trustees through the enactment, pursuant to statute, of six annual ordinances beginning fiscal year 1978-79 and ending fiscal year 1983-84. (Ill. Rev. Stat. 1985, ch. 42, par. 319.7.) In order for the District's rates to be considered reasonable and not discriminatory, the rates charged must be reasonably related to the cost of providing service, and any differences in rates charged to different users must be reasonably related to differences in the cost of providing the service. (*Greater Peoria Sanitary & Sewage Disposal District v. Kellstedt* (1985), 130 Ill. App. 3d 1002, 474 N.E.2d 1267; *Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 405 N.E.2d 1256.) Hermann maintains that the District's rates established for residential usage are not reasonably related to the actual costs of providing service and, contrasted with rates established for industrial users, are discriminatory in nature.

 It is well-settled that municipal ordinances enacted pursuant to statutory authority are presumed to be valid. (*Coryn v. City of Moline* (1978), 71 Ill. 2d 194, 374 N.E.2d 211; *La Salle National Bank v. City of Evanston* (1974), 57 Ill. 2d 415, 312 N.E.2d 625; *Exchange National Bank v. County of Cook* (1962), 25 Ill. 2d 434, 185 N.E.2d 250.) The burden of proving a municipal ordinance to be invalid rests with the party challenging the ordinance. Before a court may find an ordinance invalid, a showing must be made that the municipality's action was unreasonable, arbitrary or discriminatory. (*McDonald Mobile Homes, Inc. v. Village of Swansea* (1977), 56 Ill. App. 3d 759, 371 N.E.2d 1155; *Village of Glencoe v. Metropolitan Sanitary District of Greater Chicago* (1974), 23 Ill. App. 3d 868, 320 N.E.2d 524; *Hartman v. Aurora Sanitary District* (1961), 23 Ill. 2d 109, 177 N.E.2d 214.) Further, a presumption exists that a municipality enacts its ordinances in conformity and in compliance with the enabling statutory authority. (*People ex rel. Harper v. Irvin* (1927), 325 Ill. 497, 156 N.E. 292.) To successfully challenge the validity of the District's rate-setting ordinances, Hermann must produce clear and substantial evidence that the District's actions were unreasonable and arbitrary. Further, it must be shown that no reasonable difference of opinion exists regarding the arbitrary or unreasonable nature of the ordinances. *Metromedia, Inc. v. City of Des Plaines* (1975), 26 Ill. App. 3d 942, 326 N.E.2d 59; *Fifteen Fifty North State Building Corp. v. City of Chicago* (1958), 15 Ill. 2d 408, 155 N.E.2d 97; *Charles v. City of Chicago* (1953), 413 Ill. 428, 109 N.E.2d 790; *Sinclair Refining Co. v. City of Chicago* (1949), 178 F.2d 214.

The record reveals that Hermann produced at trial only three items of evidence to challenge the District's ordinances. First, a list of rates from 1978 to 1984 showing annual increases in user charges was introduced; secondly, a notice sent to users by the District which, *inter alia*, referenced the loss of one large industrial consumer as a factor in increasing user rates for the 1982-83 fiscal year was introduced; and, finally, the elicitation of cross-examination testimony of one District employee which suggested that the loss of the large industrial consumer partially causes an increase in residential rates. The District introduced into evidence the rate-setting ordinances showing that the rates were to be established according to the actual cost of providing service to users.

Hermann's three items of evidence do not rise to a level of materiality negating the presumption that the ordinances are valid, and the presumption that the District properly complied with the ordinances' provisions when establishing user rates, residential and industrial. A trial court's findings will not be set aside unless clearly contrary to the manifest weight of the evidence produced at trial. (*Fisher v. City of Aledo* (1974), 23 Ill. App. 3d 190, 318 N.E.2d 305.) Our review of the record finds that it was not contrary to the manifest weight of the evidence for the trial court to hold the District's rates to be reasonable and not arbitrary.

Hermann next maintains that the trial court erred in denying his post-trial motion to reopen the case, thus not allowing him to introduce into evidence his nonsewered water usage. The decision to reopen a case to hear additional evidence is within the sound discretion of the trial court. (*Scully v. Wilhelm* (1938), 368 Ill. 573, 15 N.E. 313; *City of Peru v. Bernardi* (1980), 84 Ill. App. 3d 235, 405 N.E.2d 462.) A party, absent extraordinary circumstances, must make a diligent effort to present all available material and relevant evidence at the time of trial. In his motion to reopen, Hermann made no showing that evidence of his nonsewered water usage was unavailable at the time of trial, nor did he offer any excuse for not presenting this evidence at trial. We find, therefore, that the trial court could properly deny Hermann's motion and was under no duty to reopen the case to allow the introduction of his nonsewered water usage.

Hermann lastly maintains that the trial court erred in not changing the amount claimed due because of alleged errors in the District's calculation of penalties and interest applied to his billings. The record reveals that the District produced testimony from an employee explaining the credit or adjustment procedures which are employed to correct estimated water-usage readings before arriving at a final bill-

ing. Hermann chose not to cross-examine the employee in regard to the process of adjusting estimated water-usage readings and the calculation of any penalties and interest based thereon. Further, Hermann did not provide the trial court with information to recalculate the amount claimed due by the District.

We find that the billing record submitted by the District, along with the District's explanation at trial of how adjustments to estimated readings were made, was sufficient to allow the trial court to calculate the amount due and that the trial court's finding was not contrary to the manifest weight of the evidence.

■■ The District cross-appeals, contending the trial court erred in denying its request for an award of attorney fees. In the complaint filed in this cause, the District requested that reasonable attorney fees be awarded pursuant to statute (Ill. Rev. Stat. 1985, ch. 42, par. 319.7). The trial court denied attorney fees in its order of March 1985, specifically finding "there was a genuine dispute" brought into controversy, and cited the language of this court's opinion in *Greater Peoria Sanitary & Sewage Disposal District v. Kellstedt* (1985), 130 Ill. App. 3d 1002, 474 N.E.2d 1267, for authority.

In the instant cause, Hermann ostensibly challenged the validity of the District's rate-setting process in his response to efforts by the District to collect amounts due for services rendered to his properties for more than three years. The rule regarding award of attorney fees articulated in *Kellstedt* is predicated on the existence of a genuine dispute between the parties. In determining whether a dispute is genuine in actions as in the instant cause, the trial court must take into consideration the quality of the evidence produced by the disputing party, and the general merits of the party's defense. The intent of this court's holding in *Kellstedt* was not to prohibit an award of attorney fees whenever a party contests a case filed by a sanitary district.

■■ Further, it is clearly the intent of the legislature to allow the award of attorney fees in those instances wherein no genuine dispute exists rather than burden ratepayers with the expense of a District's bringing action to recover amounts due for services rendered. We find the evidence submitted by Hermann and the general merits of his defense were not of substantial quality to conclude that a genuine dispute existed.

Based on the foregoing, we affirm the judgment of the circuit court of Peoria County for sewerage services, and reverse the judgment denying attorney fees, and remand with instructions for proceedings to determine reasonable attorney fees, including fees incurred in defending the instant appeal.

Accordingly, the judgment of the circuit court of Peoria County is affirmed in part; reversed in part, and remanded.

Affirmed in part, reversed in part, and remanded.

BARRY, P.J., and STOUDER, J., concur.