(No. 27966.—

THE PEOPLE *ex rel.* C. S. Franklin, County Collector, Appellee, *vs.* WABASH RAILROAD COMPANY, Appellant.

*Opinion filed September 19, 1944.*

452

CARLETON S. HADLEY, L. H. STRASSER, both of St. Louis, Mo., WILLIAMS & WILLIAMS, and BARRY MUMFORD, both of Pittsfield, for appellant.

EDWIN JOHNSTON, State's Attorney, of Pittsfield, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Appellant, Wabash Railroad Company, appeals from an order of the county court of Pike county, overruling objections it filed to certain taxes levied against its property in that county for 1942.

The first objection pertains to a tax of $267.56 levied as a town tax for Barry township. At the annual town meeting of said township, held April 7, 1942, the electors undertook to levy $3600 for poor relief. The claim is that

the record of the minutes of the town meeting is insufficient to sustain a levy. The only fact shown by the record is that a motion was made and adopted "that a tax levy to the amount of thirty cents (30c) on every one hundred dollars for relief be made."

Subparagraph 3½ of section 3 ·of the Township Organization Act (Ill. Rev. Stat. 1943, chap. 139, par. 39,) authorizes the electors of a township, at the annual town meeting, to direct the raising of such money by taxation as may be deemed necessary to be expended for the purpose of caring for the poor and indigent persons who are lawful charges of the township. This section was considered in *People ex rel. Anderson* v. *Baltimore and Ohio Southwestern Railroad Co.* 370 Ill. 128, and it was held that it authorized a levy by amount and not by rate, and that a levy by rate could not be sustained.

Appellee contends that a levy of thirty cents on every one hundred dollars of the assessed valuation is reducible to an amount by a mere matter of multiplication. The proviso to the statute fixes the maximum limit to be levied for any one year at thirty cents per one hundred dollars of the assessed valuation and the electors at the town meeting evidently undertook to levy such maximum. The record upon which the levy is founded must follow the statute and where it directs the levy of an amount, as here, the determination of the amount must be fixed by the taxing authority and the levy by rate is not a compliance. (*People* v. *Baltimore and Ohio Southwestern Railroad Co.* 370 Ill. 128, and cases cited therein.) The objection should have been sustained.

The second objection was to the town tax for Griggsville township. In that case the electors of the township undertook to ·levy a tax for general town purposes and poor relief. The tax as extended against appellant's property amounted to $266.58 for the former and $235.22 for the latter.

More than thirty days prior to the annual town meeting the town board met and prepared a budget which included estimates of amounts to be expended for each of said purposes. On the hearing in the county court it was stipulated that notice of hearing on such budget was given by posting notices in five of the most public places in the township and that appellant did not file any written protest to the items included in the budget.

The record of the annual town meeting shows that the "tentative budget" as prepared by the board of town auditors was read by the clerk. Thereafter "A motion to accept this Tentative Budget as read for the year 1942 was made" and duly adopted. The town clerk's minutes of such meeting contain no reference to the making of a levy. The certificate filed by the town clerk with the county clerk and upon which the tax was extended disclosed a levy of $3135 for town purposes and $2807 for poor relief, which were the same amounts stated in the budget. It is contended the minutes of the annual town meeting approving the budget are not a levy for the amounts stated in the budget.

The statute (Ill. Rev. Stat. 1943, chap. 139, par. 114,) directs that the town clerk shall, annually, at the time required by law, certify to the county clerk the amount of taxes required to be raised for all town purposes. Such certificate is the authority for the county clerk to extend the tax but back of the town clerk's certificate there must be a levy of the tax by the proper township authorities. If there is no such levy, then the town clerk is without authority to make the certificate. *People ex rel. Schnipper* v. *Missouri Pacific Railroad Co.* 332 Ill. 53; *Indiana, Decatur and Western Railway Co.* v. *People ex rel. Jones,* 201 Ill. 351.

It is clear that a record showing the electors' approval of a budget prepared and submitted by the board of town auditors would not be the levying of a tax, even though

the amounts estimated in the budget for the several purposes were the same as were specified in the certificate of the town clerk filed with the county clerk.

On the hearing, appellee called the town clerk as a witness and he was permitted to testify, over appellant's objection, that at the time of the adoption of the budget it was the intention of the electors that their action in adopting the budget should "be taken and considered as a tax for that year, for the purpose, and in the amounts set forth in said budget." The evidence of the clerk on this point was objectionable. By it, appellee undertook to inject into the record the conclusion of the town clerk as to what the electors intended to do when they approved the budget. This is not a case where the law permits oral testimony to show what action was taken and to permit amendment of the record to make it speak the truth. The admission of the evidence of the clerk for the purposes stated violates the well-established rule that where officials are required to keep a record of the proceedings of their office, such constitutes the only lawful evidence of action taken and cannot be contradicted, added to or supplemented by parol. *People ex rel. Pfeiffer* v. *Morris,* 365 Ill. 470; *People ex rel. Arnold* v. *Carr,* 231 Ill. 502.

Appellee refers to section 236 of the Revenue Act of 1939 (Ill. Rev. Stat. 1943, chap. 120, par. 717,) as furnishing a means whereby defects in levies may be corrected by amendment. The statute provides that no error or informality of any officer or officers in making a levy or certifying the same, not affecting the substantial justice of the levy itself, shall vitiate it or in any manner avoid it. The statute has no application for it is available only when there has been a levy. In this and the Barry township objection, the electors failed to exercise the power conferred by statute. Its application is limited to those cases where there has been an attempt to comply with the law but the attempt is ineffective by reason of some informality

or clerical error. (*People ex rel. Preisel* v. *New York Central Railroad Co.* 375 Ill. 574; *People ex rel. Anderson* v. *New York Central Railroad Co.* 314 Ill. 429.) The objection should have been sustained.

The village of Baylis levied a tax of "$100 for Labor, Material, etc., used in maintaining Streets, Alleys and Sidewalks." The part of such item extended against appellant's property amounted to $17.22. The objection is that the levy included more than one purpose, that it should have been separated as between streets and alleys as one part and sidewalks as another.

Section 16-1 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1943, chap. 24, par. 16-1,) directs that corporate authorities of any city or village shall, in its annual appropriation ordinance, specify in detail the purposes for which the appropriations have been made and the amount appropriated for each purpose, respectively. This requirement of the statute is in the interest of the taxpayer and designed to give him information in detail of each specific corporate purpose for which the taxes are levied. It has been held that a single appropriate general purpose is sufficient to include every expenditure required for that purpose though there may be many items. (*People ex rel. Reynolds* v. *Chicago, Burlington and Quincy Railroad Co.* 306 Ill. 529; *People ex rel. Burton* v. *Illinois Central Railroad Co.* 271 Ill. 236.) By such rule it has been held a levy for maintaining and repairing streets and alleys is for a single purpose. *People ex rel. Rocke* v. *Eastern Illinois and Missouri Railroad Co.* 335 Ill. 245; *People ex rel. Bracher* v. *Millard,* 307 Ill. 556.

In *People ex rel. Hoennicke* v. *New York Central Railroad Co.* 360 Ill. 569, a levy "for streets, alleys, walks and sewers" was held to be for more than one purpose. The objection was that a levy for streets and sewers included more than one purpose. It was said: "There is no common object between streets and sewers. Each serves a distinct

and separate purpose." The same may be said of sidewalks and streets. The court erred in overruling the objection.

Appellant's fourth objection is to the levy made for the city of Griggsville for general corporate purposes. The amount specified for such purpose in the appropriation and levy ordinances was the same $5250.32. The amount of said levy extended against appellant's property was $112.55. Appellant contends that the city received certain annual revenues from sources other than by taxation, which were appropriable but which were not carried as an asset in the making of said levy. The facts in reference to the unappropriated assets are, that for the year in question the highway commissioner for the town of Griggsville, the town in which the city is located, levied a road and bridge tax under the Roads and Bridges Act and that said tax was extended against the property located within the city. It was further stipulated that the city received other annual revenues derived from sources other than by taxation. The source or estimated amount of such additional receipts is not shown.

Upon this state of facts appellant contends: (a) that it was incumbent upon the city to prove the amount and source of such additional revenues; (b) that the irregularity in failing to give credit for the $480 levied by the highway commissioner and failure to show the amount and source of other revenues renders the whole levy void; (c) as an alternative it is argued that if the whole levy was not void, the item for repair and maintenance of streets and alleys in the sum of $700 was excessive to the amount of $480 receivable from the highway commissioner.

The presumption is that taxes have been legally levied. (*People ex rel. McDonough* v. *Mills Novelty Co.* 357 Ill. 285; *People ex rel. McDonough* v. *New York Central Railroad Co.* 355 Ill. 80.) It is the duty of an objector who assails the validity of a tax to show its invalidity. (*People ex rel. Nash* v. *Maxwell & Co.* 359 Ill. 570.) The stipu-

lation that the city received annual revenues from sources other than those derived by taxation did not cast the burden upon the city of proving the amount of such annual revenues. That burden rested upon the objector. Accordingly, the only item that need be given consideration is the $480 to be received from the levy made by the highway commissioner.

Section 59 of the Roads and Bridges Act (Ill. Rev. Stat. 1943, chap. 121, par. 65,) provides that one half of the tax levied by a highway commissioner of a township on property lying within a city, village or incorporated town located within such township shall be paid over to the treasurer of such city, village or incorporated town to be appropriated to the improvement of roads, streets and bridges.

A statute of similar import was considered in *Peoria and Pekin Union Railway Co.* v. *People ex rel. Jaeger,* 144 Ill. 458. As to the character of money received from such a levy and the purposes for which it was available, it was held that such taxes, when paid over to the city treasurer, constituted a fund available for road and bridge purposes within the city and that any taxpayer could enjoin a diversion of such money to any other purpose. The item of $480 was an available asset of the city to be used in the repair and maintenance of the streets and alleys of the city and should have been carried into the appropriation and tax levy ordinances. An appropriation and levy of $700 was made for repair and maintenance of streets and alleys but, in making the levy, no credit was given for the $480 to be received from the levy of the highway commissioner.

In *People ex rel. Chadwick* v. *Sergel,* 269 Ill. 619, it was held that the statute required that the city authorities should, at the time fixed, adopt an appropriation ordinance appropriating such sum or sums as might be deemed necessary to defray all expenses and liabilities of the corporation, including sums derived from sources other than by

taxation as well as money raised by tax levies. In the application of this principle in *People ex rel. Gill* v. *Schiek,* 368 Ill. 353, it was said: "The city council is required to ascertain the amount of the appropriation for corporate purposes legally made which must be raised by the levy of a tax. In ascertaining this amount there is to be taken into consideration the amount of miscellaneous receipts, which, judging from past experience, will probably be received. The city council is then authorized to levy a tax for the amount necessary to pay corporate expenses, as appropriated for, above the amount received from such miscellaneous sources. This is the extent of the city council's power to tax." The levy of $700 for maintenance of streets and alleys was excessive in the sum of $480 and the court erred in overruling appellant's objection as to that amount.

Appellant's fifth objection is to a tax extended pursuant to a levy made by the board of trustees of the village of Hull. The pertinent part of the record of the village clerk was introduced into the record by stipulation. It discloses that the appropriation and tax levy ordinances were adopted but there is no record that they were passed by an "aye" and "nay" vote, as required by section 9-47 of the Revised Cities and Villages Act. (Ill. Rev. Stat. 1943, chap. 24, art. 9, par. 9-47.) On the hearing the county court permitted amendment as follows: "That an 'aye' and 'nay' vote was taken on the motion to pass said appropriation ordinance, and that all members of the Board of Trustees present, voted 'yes,' on said motion."

In *People ex rel. Ballance* v. *Chicago and Eastern Illinois Railway Co.* 314 Ill. 352, it was held that a statute which required an "aye" and "nay" vote was not complied with by amending a record to make it show that there was a *viva voce* vote with all present voting aye and no one voting nay. In *People ex rel. Smith* v. *Wabash Railway Co.* 377 Ill. 68, such a requirement of the statute was held

mandatory and that nothing short of a record showing a roll call with each individual's vote recorded complied with the statute. The objection should have been sustained.

Appellant's final objection is to a tax levy by the village of Kinderhook. The certified copy of the tax levy ordinance filed by the village clerk with the county clerk discloses that the appropriation ordinance was passed June 1, 1942, but was not posted for public inspection until July 7, 1942, whereas the tax levy ordinance was passed July 6. Section 10-3, article 10, (Ill. Rev. Stat. 1943, chap. 24, par. 10-3,) provides that all ordinances of cities and villages making any appropriation shall within one month after they are passed, (1) be printed in book or pamphlet form or (2) be published at least once in the city or village newspaper, or if no newspaper is published, copies shall be posted in three public places in the city or village. It further provides that no such ordinance shall take effect until ten days after it is so published or posted. In *People ex rel. Sullivan* v. *Florville,* 207 Ill. 79, the city council of the city of Springfield passed an annual appropriation ordinance on March 3, 1902. After it was passed, it was signed by the mayor and immediately thereafter, on the same night, the council passed the tax levy ordinance. The appropriation ordinance as passed was published for the first time on March 5 and thus became in full force and effect ten days thereafter, on March 15. It was held that the appropriation ordinance did not go into force until ten days after it was published and that the tax levy ordinance passed before the expiration of such ten-day period was void. To the same effect, see *People ex rel. Montgomery* v. *Wabash Railway Co.* 360 Ill. 173. The village tax was void and the county court erred in not sustaining objections thereto.

For the reasons assigned, the order and judgments of the county court of Pike county are reversed and the cause is remanded, with directions to proceed in accordance with the views expressed.

*Reversed and remanded, with directions.*