(No. 29868.—

THE PEOPLE *ex rel.* J. J. Anderson, County Collector, Appellee, *vs.* CHICAGO AND NORTH WESTERN RAILWAY COMPANY, Appellant.

*Opinion filed January 22, 1947—Rehearing denied March 17, 1947.*

BULL, YOST & LUDENS, of Morrison, and NELSON TROTTMAN, of Chicago, for appellant.

L. L. WINN, State's Attorney, and KENNARD J. BESSE, City Attorney, (ROBERT W. BESSE, of counsel,) all of Sterling, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant, Chicago and North Western Railway Company, appeals from an order of the county court of Whiteside county overruling its objection to the payment of certain city taxes levied by the city of Sterling for the year 1944. That city is under commission form of government and has five commissioners, including the mayor. The issue presented involves compliance by the city council with the statute (Ill. Rev. Stat. 1943, chap. 24, art. 9, par. 9-47,) in levying the tax. That statute requires that the vote on tax ordinances be recorded by "yeas" and "nays," and it is claimed this was not done.

The evidence was stipulated and consists of the minutes of the council meetings at which the ordinances were adopted. The minutes show that the council met on June 26, 1944; that all members, five in number, including the mayor, naming them, were present; that a motion was passed adopting the appropriation ordinance and directing it be published according to law. The record of the adoption of this motion appears in the minutes as follows: "Voting Aye 5. Nay None. Carried."

Appellant contends that no valid ordinance was passed because of the failure to take and record a yea-and-nay vote, as required by statute. This provision, which is contained in the Cities and Villages Act, (Ill. Rev. Stat. 1943, chap. 24, art. 9, par. 9-47,) reads in part: "The passage

of all ordinances for whatever purpose * * *, (2) for the expenditure or appropriation of its [the city's] money, shall require the concurrence of a majority of all members elected to the city council, including the mayor, * * *. The yeas and nays shall be taken upon the question of the passage of the designated ordinances, resolutions, or motions and recorded in the journal of the city council." Appellant relies on three previous holdings of this court, namely, *People ex rel. Ballance* v. *Chicago and Eastern Illinois Railway Co.* 314 Ill. 352, *People ex rel. Smith* v. *Wabash Railway Co.* 377 Ill. 68, and *People ex rel. Franklin* v. *Wabash Railroad Co.* 387 Ill. 450. Appellee contends that these cases are distinguishable from the case at bar and not controlling.

Briefly, each of the decisions relied upon sets up the principle that the statutory requirement that municipalities take and record a yea-and-nay vote on the adoption of various legislative acts, including the appropriation of money and levy of taxes, is mandatory, and that nothing short of a record showing a roll call with each individual's vote recorded by name, complies with the statute. In *People ex rel. Ballance* v. *Chicago and Eastern Illinois Railway Co.* 314 Ill. 352, the clerk of the board of supervisors testified that twenty-three members were present and one was absent, and his record, as amended by leave of court, showed twenty-three voting aye and none voting nay. This was held not to comply with the statute requiring a recorded aye-and-nay vote. Appellee says this case is to be distinguished from the *Ballance case* in that there one supervisor was absent, and it was therefore impossible to tell who voted yea and who voted nay, whereas in the present case the council record shows that all five members of the council were present, that five voted aye and none nay, thus making it possible to determine who voted aye and who voted nay.

In *People ex rel. Smith* v. *Wabash Railway Co.* 377 Ill. 68, the evidence was that the president of the board of trustees of the town of New Salem asked for those in favor of the adoption of the appropriation ordinance to vote "aye" and those opposed to vote "nay." The court held this was not an aye-and-nay vote. Appellee seeks to distinguish this case on the facts. Appellee says *People ex rel. Franklin* v. *Wabash Railroad Co.* 387 Ill. 450, is to be distinguished from the present case because in that case the minutes of the board of trustees indicated that all members present voted aye but did not indicate what members were present, whereas the record in the present case indicates all members were present and voted aye.

While it is true, as appellee points out, that the facts in the cases cited differ from the present case, the result reached in each case shows the universal application, to all forms of city, village and county government, of the unbending rule that nothing short of a record showing a roll call with each individual's vote will constitute an aye-and-nay vote as required by statute. As the court, in *Pickton* v. *City of Fargo,* 10 N. D. 469, 88 N. W. 90, under a similar statute, pointed out, "In requiring the yeas and nays to be entered upon the journal of the proceedings of the city council, it was the legislative purpose that such entries should be a lasting memorial of the individual action of the members of the local legislative body." In *People* v. *Wabash Railroad Co.* 387 Ill. 450, the record recited that the vote was taken and that all members present voted yes. This was held insufficient.

That a roll call be taken and the vote of each individual member recorded is mandatory. (*People ex rel. Franklin* v. *Wabash Railroad Co.* 387 Ill. 450; *People ex rel. Smith* v. *Wabash Railway Co.* 377 Ill. 68; *People ex rel. Ballance* v. *Chicago and Eastern Illinois Railway Co.* 314 Ill. 352.) Though the cases differ somewhat on

470

the facts, the principle of mandatory compliance with the statute is announced in each.

Appellee argues that since the city council record shows all yeas, it is certain that the statute has been complied with. It does not show, however, that the vote may not have been a *viva voce* vote which the statute does not permit, and so does not show a roll call as is required. It is a rule of general acceptation that the silence in the record of any legislative body as to anything required to be shown is evidence of its nonexistence. *Neiberger* v. *McCullough,* 253 Ill. 312.

The minutes of the council meeting of the city of Sterling, stiplated to here, fall short of mandatory requirements. This court cannot indulge the speculation urged by appellee that the five members of the council noted as present were the five persons voting aye. The county court should have sustained the objection to the tax since no valid appropriation ordinance was passed. Its judgment is reversed and the cause remanded with directions to sustain the objection.

*Reversed and remanded, with directions.*