THE VILLAGE OF METTAWA *et al.*, Plaintiffs-Appellees, v. JUNE B. CAR-
RUTHERS *et al.*, Defendants-Appellants.

Second District No. 2—88—0092

Opinion filed October 26, 1988.

James T. Magee & Associates, of Round Lake (James T. Magee, of counsel), for appellants.

Kuseski, Flanigan & Associates, of Waukegan (Wayne B. Flanigan, of counsel), for appellees.

JUSTICE NASH delivered the opinion of the court:

Defendant, June Carruthers, appeals from a judgment entered after a bench trial which found her to be in violation of the zoning ordinance of plaintiff, the Village of Mettawa (Village), for keeping an excessive number of horses on her property. Carruthers contends that the trial court erred because (1) the section of the zoning ordinance limiting the number of horses which may be kept on defendant's property within the Village is void because of procedural errors at the time of its passage in 1976, (2) the zoning ordinance was inadmissible in trial, as offered, because it was not competent evidence, (3) the relevant ordinance section is unconstitutional, and (4) the property use challenged by the Village is permitted under another section of the zoning ordinance. We reverse.

Carruthers purchased a 13-acre parcel of real estate located in the Village in June 1977, and it was then zoned R-1, permitting a single-family residence use with a five-acre minimum lot size requirement. Shortly after purchase, Carruthers obtained a building permit from the Village and constructed a large barn on the property which contained 21 stalls. Twelve more stalls were added in 1978, as was a residence for her own use; since 1978 the property has continuously been used to board, train, and breed horses. At the time of trial, there were approximately 33 horses being maintained at the site, some of which were owned by Carruthers.

The Village brought this action in 1985 alleging that Carruthers' horse boarding operation was in continuing violation of its zoning ordinance because she had not obtained a special use permit, as required by the ordinance, and because the number of horses being maintained on the property exceeded the one-horse-per-acre limitation imposed by the ordinance. The Village sought injunctive relief against Carruthers' business and that a fine be imposed for the zoning ordinance violation.

At trial, the Village sought to introduce into evidence the ordi-

nance it seeks to enforce through the certification of the Village clerk. The ordinance, Mettawa, Ill., Ordinance No. 76—0—3 (1976) (Ordinance No. 76—0—3), had been adopted in 1976 as an amendment to the Village zoning ordinance. Carruthers challenged the competency of this evidence on the basis of deficiencies in the certification, and also asserted that the ordinance was void because the Village had not fulfilled the statutory procedural requirements at the time the ordinance was passed.

Both parties submitted proofs and presented written and oral argument on the issues. The Village was allowed to file a new, complete certification and supporting affidavits attesting to the purported fulfillment of the statutory requirements for adoption of an ordinance. The trial court found that Ordinance No. 76—0—3 had been passed and made effective in conformity with statutory requirements and that Carruthers' use of her property was in violation of its terms. She was enjoined from operating the stable business until she secured a special use permit from the Village and made liable for a fine for noncompliance.

We note initially some confusion exists as to whether the trial court considered Carruthers' argument that Ordinance No. 76—0—3 was void.

■ While it appears from the record that issues concerning the sufficiency of the certification of the ordinance became combined with questions of its validity, it is also evident that the validity issue was raised and considered in the court below and is properly before us. It is apparent that Carruthers challenged the ordinance's validity in an untimely fashion, but the Village's response indicates that it understood the challenge and had adequate opportunity to respond to it. The Village distinguished Carruthers' cases, asserted its own argument, submitted evidence in support of its argument, and continues to pursue the same argument on appeal. The trial court was aware that Carruthers was attacking the validity of the ordinance on the basis that there was no record of a roll call vote and, after both parties fully addressed the question, the court found that the ordinance had been adopted as required by statute. We conclude that the issue of the validity of Ordinance No. 76—0—3 is properly before us.

■ A municipal ordinance is presumed to be valid, and the burden of establishing invalidity is upon the party challenging the ordinance. (*City of Evanston v. Ridgeview House, Inc.* (1976), 64 Ill. 2d 40, 66, 349 N.E.2d 399; *Greater Peoria Sanitary & Sewage Disposal District v. Hermann* (1987), 153 Ill. App. 3d 398, 401, 505 N.E.2d 769.) In this case, the Village brought its complaint against Car-

ruthers under its 1984 zoning ordinance to which she presented as an affirmative defense that her use of the property was a legal nonconforming use under the ordinance. The Village responded by introducing Ordinance No. 76—0—3, which contained the same relevant restrictions as the 1984 ordinance, and was purported to have been in effect when Carruthers bought her property and initiated the horse boarding business. Carruthers then urged the invalidity of the ordinance on the basis that in passing it the Village had failed to comply with requirements set forth in sections 3—11—17 and 1—1—2(8) of the Illinois Municipal Code (Code) (Ill. Rev. Stat. 1975, ch. 24, par. 3—11—17).

In 1976, section 3—11—17 of the Municipal Code provided, as it does today, that passage of ordinances must be by a majority vote of all members elected to a city council or Village board of trustees and "the yeas and nays shall be taken upon the question of the passage of the designated ordinances *** and recorded in the journal of the city council." The cases interpreting this language leave no doubt that, for an ordinance to be valid, the record of its passage must show both the fact that a roll call vote was taken and the vote of each individual trustee. (*People ex rel. Anderson v. Chicago & North Western Ry. Co.* (1947), 396 Ill. 466, 469-70, 71 N.E.2d 701; *People ex rel. Franklin v. Wabash R.R. Co.* (1944), 387 Ill. 450, 459-60, 56 N.E.2d 820; *Village of Bourbonnais v. Herbert* (1967), 86 Ill. App. 2d 367, 372-73, 229 N.E.2d 574.) In the present case, the minutes of the June 2, 1976, meeting at which Ordinance No. 76—0—3 was apparently considered, state only that:

> "Trustee Abler moved and Trustee Hasler seconded an ordinance amending the Special Use Permit Section relating to the keeping of horses. The motion being duly moved, seconded and approved, President Getz declared the ordinance approved."

In addition to the failure to identify the ordinance by number, the minutes do not reflect either that a roll call vote was taken or the vote of each trustee. The Village's book of ordinances shows only that the vote on Ordinance No. 76—0—3 consisted of five "Ayes," one "Nay," and one "Absent." Thus, the written Village records, standing alone, do not meet the standard for valid adoption of an ordinance as set forth in *Anderson*.

The Village argues, however, that when the affidavit of its former Village clerk was admitted in evidence to supplement the minutes and the book of ordinances, the record became sufficient to make the requisite showing that a roll call vote had been taken at

the time Ordinance No. 76—0—3 was adopted. The clerk's affidavit stated that he had reviewed the pertinent minutes and ordinance and, based on what he claimed had been his undeviating custom and practice of taking a roll call vote on the passage of ordinances, he named each of the five trustees who had been present on June 2, 1976, and stated that each had voted in favor of the ordinance.

■ Even were we to assume (and we do not here so decide) that the affidavits were properly admitted as a supplement to the minutes of the meeting, the record is not sufficient to show a roll call vote. We recognize that it is not essential that the showing of a roll call, as well as the content of such a vote, be made on the face of the minutes or other records. In *City of Lewistown v. Braden* (1956), 9 Ill. 2d 620, 138 N.E.2d 504, the court upheld the validity of an ordinance against a challenge based on the roll call requirement found in the statutory predecessor to section 3—11—17 (Ill. Rev. Stat. 1955, ch. 24, par. 9—47), even though the minutes did not list the individual council members and their respective votes. The minutes did show that all five aldermen were present at the start of the meeting but, with reference to the ordinance, stated only that: "Upon roll call all voted 'Aye.' Motion carried." At trial, however, the city clerk, who had also been in attendance at the meeting, testified that the five aldermen present at the meeting, whom he named individually, had voted "Aye" and that no "Nay" votes were cast. The court considered this record to be adequate to show a roll call vote.

The *Lewistown* court distinguished *Anderson* on grounds that the record there did not reflect that a roll call vote had actually been taken. In *Anderson*, the minutes showed the presence of all five council members, and named them, but recorded the vote only as: "Voting Aye 5. Nay None. Carried." There was neither mention of a roll call in the minutes nor testimony as to how the individual council members voted. On these facts the *Anderson* court found that it was not clear that the vote was not merely a *viva voce*, or voice vote, taken from the five members all at one time, and held the challenged ordinance to be invalid.

Despite the Village's attempt to create a satisfactory record through the submission of affidavits, we find the case before us to be more akin to *Anderson* than to *Lewistown*. In *Lewistown*, the minutes themselves referred to the vote as a roll call while the minutes here state only that the motion "was duly moved, seconded and approved"; this language does not suggest that a roll call vote was taken. As in *Anderson*, it is not clear from the minutes that the ap-

proval did not result from a group voice vote rather than five individually stated votes.

The inadequacy of the minutes is not aided by the Village's supplementary affidavits. In *Lewistown*, the clerk named the individual aldermen and testified, as a matter of personal knowledge, regarding their positive votes. Here, there has been a lapse of more than 11 years between the time the ordinance was enacted and the signing of the affidavit by the former Village clerk. The most the affiant could attest to was that a roll call vote must have been taken because that is what he always did when the council voted on ordinances. Also, his affidavit arose from his assumption that the five trustees present must have been the five "aye" votes, an approach that was rejected in *Anderson*. The court there refused to speculate that the five council members noted as present were the five persons casting positive votes. Likewise, we cannot assume, on the basis of the clerk's usual practice, that a roll call vote was taken in the present case or that the five members listed in the minutes as present cast the "aye" votes.

The *Anderson* court cited with approval *Pickton v. City of Fargo* (1901), 10 N.D. 469, 88 N.W. 90, where the court, under a statute similar to that controlling here, pointed out that the legislature required the "yeas" and "nays" to be recorded for the purpose " 'that such entries should be a lasting memorial of the individual action of the members of the local legislative body.' " (*Anderson*, 396 Ill. at 469, quoting *Pickton v. City of Fargo* (1901), 10 N.D. 469, 482, 88 N.W. 90, 96.) To find, as the Village urges, that the record before us here shows that a roll call vote was taken and how each trustee voted would demean the purpose for requiring the recording of votes since such a finding would memorialize, not the individual action of the Village trustees, but an assumption such was their individual action.

■ Carruthers' showing that the record does not reflect a roll call and the individual trustees' votes on Ordinance No. 76—0—3 is sufficient to overcome the presumption of validity of the ordinance. We conclude that the ordinance was void and ineffective in 1977 and 1978 when Carruthers purchased her property and began her business, and, in the absence of the 1976 amendment, the use of Carruthers' property was controlled by the Village's 1960 zoning ordinance, under which Carruthers would apparently not be required to obtain a special use permit or be restricted in the number of horses she could maintain on the property.

Since we have concluded that Ordinance No. 76—0—3 is invalid

and unenforceable, we need not reach Carruthers' evidentiary or constitutional arguments or her claim that the present use is permitted on other grounds.

Accordingly, the judgment of the circuit court of Lake County is reversed.

Reversed.

REINHARD and WOODWARD, JJ., concur.