## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

    v.

Kenneth Adams

### Case No. (Law) 137387

Commonwealth of Virginia

    v.

Brian Collins

### Case No. (Law) 139170

### August 9, 1995

BY JUDGE ARTHUR B. VIEREGG, JR.

Both of the captioned cases came before this Court for trial on July 7, 1995. In each, the Commonwealth asserts that the defendant should be adjudged an habitual offender based on a prior conviction for a violation of Fairfax County Ordinance 82-1-6, which incorporated certain driving offenses into the Fairfax County Code, including Virginia Code Section 18.2-266 *et seq.* which outlaws driving under the influence of alcohol. For purposes of this opinion letter, Ordinance 82-1-6 will be referred to as the "Ordinance." The defendants, however, contend that the Ordinance was not properly enacted, was invalid, and therefore that habitual offender adjudications may not be predicated on convictions under the Ordinance.

### I. *Background*

The issue framed by these cases, the validity of the Ordinance, turns on whether the Ordinance was enacted by the Board of Supervisors of Fairfax

County in accordance with the requirements of Article VII, § 7, of the Virginia Constitution, which prescribes certain requirements for the passage of local legislation. In pertinent part, Article VII provides:

> [o]n final vote on any ordinance or resolution, the name of each member voting and how he voted shall be recorded.

Va. Const. Art. VII, § 7. The Ordinance was adopted at a meeting of the Fairfax County Board of Supervisors on July 27, 1994. The record of that meeting[1] reflects that all Supervisors were present. With regard to the passage of the Ordinance, the record states:

> Following the public hearing, Supervisor McConnell moved adoption of the proposed amendments to the Code of the County of Fairfax, Chapter 82 (Motor Vehicles and Traffic) to ensure that the provisions of Section 82-1-6, Adoption of State Law, are updated in accordance with new State legislation to become *effective on July 1, 1994.* This motion was seconded by Supervisor Trapnell and carried by a vote of seven, Supervisor Alexander, Supervisor Berger, and Supervisor Dix being out of the room.

Summary at 39 (emphasis in original). The record therefore demonstrates that all members of the Board were present when the Ordinance passed, except the three supervisors who were noted as "out of the room;" and that a unanimous vote was recorded in favor of the adoption of the Ordinance. However, the record does not indicate whether the vote was taken by roll call, written vote, voice vote, or some other form of voting. Nor is the vote of each Supervisor separately recorded.

The defendants argue (i) that Article VII, § 7, requires both that a vote be taken in the course of which each member of a governing body is

---

[1] Since the defendants challenge the validity of the Ordinance, they have the burden of proving that it was not properly enacted. *See e.g., Barrick v. Mathews County,* 239 Va. 628, 391 S.E.2d 318 (1990) (as legislative act, ordinance carries presumption of validity). The defendants did not introduce the official minutes of the July 27, 1994, Board of Supervisors meeting. Instead they rely upon a document entitled "Clerk's Board Summary: Report of Actions of the Fairfax County Board of Supervisors" ("Summary"). At the hearings in these cases, the Commonwealth and the defendants accepted the Summary as the record of what transpired at the Board meeting, and the Commonwealth does not contend that the defendants' argument fails because they failed to introduce the original minutes of the Board meeting. *Cf.* 6 Eugene McQuillen, *Municipal Corporations,* § 22.37, at 478 (1989) (ordinances generally are proved by official minutes).

required to vote separately and after which each member's vote is separately recorded,[2] and (ii) that if the recorded roll call vote requirements were not met, the Ordinance was of no force and effect and no habitual offender adjudication could be predicated upon a conviction based on the violation of the Ordinance.

## II. *Analysis*

### A. *The Recorded Roll Call Vote Requirement*

This Court must first determine whether Article VII, § 7, of the Virginia Constitution requires a recorded roll call vote as the defendants contend. The defendants first direct this Court's attention to the voting requirements for members of the General Assembly in the Virginia Constitutions of 1902 and 1971. Each contains a provision specifying that roll call voting, or a vote by "yeas and nays," is a requirement for the passage of legislation by either house of the General Assembly if sought by one-fifth of the members of that house. Va. Const. of 1902, § 49; Va. Const., art. IV, § 10.[3] Virtually the same language that requires recorded roll call voting with regard to the General Assembly voting is also found in Article VII, § 7, with regard to the enactment of local ordinances. The defendants therefore argue that Article VII, § 7, requires a recorded roll call vote by members of local governing bodies in passage of local laws.

In support of their interpretation of Article VII, § 7, the defendants implicitly rely upon a well-recognized rule of constitutional construction: where the same word or phrase is contained in more than one place in a constitution, they are presumed to have the same meaning unless a different meaning is necessarily indicated. *Carlisle v. Hassan*, 199 Va. 771, 774, 102 S.E.2d 273 (1958); *Pine v. Commonwealth*, 121 Va. 812, 825, 93 S.E. 652 (1917). After careful consideration of the defendants' arguments, this Court concludes that Article VII, § 7, requires a recorded roll call vote of

---

[2] These requirements will collectively be referred to as a "recorded roll call vote."

[3] The Virginia Constitution of 1902 first required each house to keep a journal in which the yeas and nays on any question were to be recorded at the request of one fifth of those present. 1 A. E. Dick Howard, *Commentaries on the Constitution of Virginia* 516 (1974). The current provision requires each house to keep a journal, in which "[t]he vote of each member voting in each house on any question shall, at the desire of one-fifth of those present, be recorded in the journal." Va. Const., art. IV, § 10. Professor Howard, the Executive Director of the Virginia Commission on Constitutional Revision, made it plain that "the changes made by the Commission, such as substituting 'vote of each member' for 'the yeas and nays of the members,' were stylistic." 1 Howard at 516.

the members of a governing body before the final adoption of an ordinance or other local law.

### B. *Compliance By the Board of Supervisors With Article VII, § 7*

Since the record of the Ordinance's passage is silent as to whether a roll call vote was taken and since the votes of the individual Supervisors were not separately recorded, it is evident that in enacting the Ordinance, the Fairfax County Board of Supervisors failed to follow the recorded vote requirement of Article VII, § 7.

The Commonwealth, however, argues (i) that the Ordinance should be presumed to be valid; and (ii) that since all of the Supervisors were either present or noted as absent for the June 27, 1994, vote and since the record reflects that the Ordinance was passed by the unanimous vote of the Supervisors present, the enactment of the Ordinance substantially satisfies the recorded roll call vote requirement of Article VII, § 7. In the latter regard, the Commonwealth relies upon the decision of the Honorable J. Howe Brown of this Court in *Commonwealth v. Sin* (Fairfax Circuit Court, June 12, 1995) (finding that a unanimous vote of all members present satisfies the recorded vote requirement). In *Commonwealth v. Nugent*, the Honorable Thomas J. Fortkort reached a decision contrary to that reached by Judge Brown in *Sin* and dismissed a similar rule to show cause why the defendant in that case should not be adjudged an habitual offender. *See also* 1971-72 *Opinions of the Attorney General* at 42; 1972-73 *Opinions of the Attorney General* at 85. For the following reasons, I reject the Commonwealth's argument that the Ordinance is presumptively valid in the face of the record of the Board's vote and respectfully reach a different decision from that made by Judge Brown in *Sin*.

The purpose of the recorded roll call vote is to assure the public that its elected representatives will be accountable for their legislative actions. 4 Eugene McQuillen, *Municipal Corporations* § 13.45, at 874 (rev. vol. 1992). Because of the importance of this policy, a majority of American jurisdictions have adopted the recorded roll call vote requirement.[4] 4 McQuillen § 13.44, at 871. Most of the courts dealing with the issue have held that the recorded roll call vote requirement is mandatory. 5 Mc-

---

[4] It is noted that there are exceptions to the observation that most jurisdictions have adopted the recorded roll call vote requirement. However, those exceptions related to jurisdictions with statutes which expressly set forth different requirements. *See, e.g.,* *Preston v. Cedar Rapids*, 63 N.W. 577 (Iowa 1895) (roll call but no recording requirement).

Quillen § 14.04, at 11 (rev. vol. 1989). Local laws not passed in compliance with the recorded roll call vote requirement are generally held to be invalid. *See* 5 McQuillen §§ 14.01, 14.04.

The reasons for the recorded roll call vote requirement are underscored by the record of the Board's vote on the Ordinance. Since the record fails to show whether the Board voted by roll call vote or whether each Supervisor voted separately (as distinguished from the passage of the Ordinance by voice vote cast in unison), there is the obvious possibility that one or more Supervisors might have abstained from voting or that negative votes were not accurately recorded. The purpose of the recorded roll call vote is to obviate the possibility that such a voice vote is not accurately tabulated. *See Mettawa v. Caruther*, 530 N.E.2d 537, 540 (Ill. App. 1988).

The Commonwealth's argument that the Ordinance is presumptively valid is misplaced. A majority of American jurisdictions addressing the question have decided:

> [N]o presumption of the validity of an enactment is taken from a journal entry stating that an ordinance was unanimously passed, or, passed by unanimous vote because that is an insufficient substitute for the *recording* of individual ayes and nays.

(Emphasis added.) 4 McQuillen § 13.44, at 871 (*citing, inter alia, Briggs v. Baker*, 631 S.W.2d 948 (Mo. 1982); *Nelson v. Axman*, 83 So. 2d 696 (Fla. 1955); *Anderson v Chicago & N.W. Ry. Co.*, 71 N.E.2d 701 (Ill. 1947)).

Finally, while some courts have held that where the record of the votes shows the members present and a unanimous vote, the recorded roll call requirement is satisfied, a majority do not. 5 McQuillen § 14.04, at 11.[5] In

---

[5] Among those finding the requirement satisfied, *see, e.g., Iowa v. Nebraska Tel. Co.*, 103 N.W. 120 (Iowa 1905) ("As the record shows clearly who was present at the meeting, and that all of the members present voted for the ordinance, we think there is no merit in the claim that it was fatal to omit to record the name of each member with his vote"); *Marion Water Co. v. Marion*, 96 N.W. 883 (Iowa 1903) ("it may be conceded that the names of members voting yea and those voting nay should have been recorded. But where all vote one way, the record imparts no further information when the names are given in connection with the vote"); *Goodyear Rubber Co. v. Eureka*, 67 P. 1043 (Cal. 1902).

> Among those finding the requirement not satisfied, *see Briggs v. Baker*, 631 S.W.2d 948 (Mo. 1982) (record which revealed that all council members were present and that ordinance was "unanimously passed" held insufficient to comply with *statute* requiring

*Bennett v. Emmetsburg*, 115 N.W. 582 (Iowa 1908), the Supreme Court of Iowa addressed the precise issue before this Court. It held that for the recorded roll call vote requirement to be met in the event of a unanimous vote of all present, it was necessary that the record of the vote state that a roll call vote had been conducted. 115 N.W. at 585. As in *Bennett*, the record of the Board of Supervisors' July 27, 1994, vote fails to state the method of the vote taken. The line drawn by the Iowa Supreme Court as to how a local body may depart from the recorded vote requirement is a reasonable one.

Finding that no persuasive reason has been advanced by the Commonwealth why the Supreme Court of Virginia would not adopt the majority view, and since the fact of a roll call vote is not reflected by the record of the July 27, 1994, meeting, this Court concludes that the record of that vote does not satisfy the recorded roll call vote requirement of Article VII, § 7, of the Virginia Constitution.

C. *Effect of the Board's Failure to Comply With Article VII, § 7*

Although the Supreme Court of Virginia has not specifically addressed the effect of a local governing body's failure to follow the requirements of Article VII, § 7, it has held that municipalities must follow procedures mandated for the enactment of local laws in other contexts and that a law enacted in violation of those mandated procedures is a nullity. *Town of Danville v. Shelton*, 76 Va. 325 (1882). And, the Supreme Court of Virginia has ruled that laws enacted by the General Assembly in violation of constitutional mandates are likewise invalid. *Lambert v. Smith*, 98 Va. 268, 38 S.E. 938 (1900).

In *Danville*, the Supreme Court of Virginia quoted the following proposition with approval: "The general disposition of the courts of this country has been to confine municipalities within the limits that a strict construc-

---

recording of the ayes and nays); *Independence v. Hare*, 359 S.W.2d 33 (Mo. 1962) (record which failed to make affirmative showing of number of council members present held insufficient record of ayes and nays); *Nelson v. Axman*, 83 So. 2d 696 (Fla. 1955) (requiring the "ayes and noes" to be entered on the minutes "so that the presence or participation of any member shall not be left to conjecture or inference"); *Anderson v. Chicago & N.W. Ry Co.*, 71 N.E.2d 701 (Ill. 1947) (upon record which failed to reflect that vote was roll call, rather than *viva voce*, court refused to speculate "that the five members of the council noted as present were the five persons voting aye").

tion of the grants of power in their charters will assign to them." 76 Va. at 332 (quoting Cooley, *Constitutional Limitations* at 195). The Commonwealth has not demonstrated that the Supreme Court of Virginia has departed from that view. Moreover, although *Danville* involved the failure of the Danville Town Council to follow a statutory requirement, a local governing body should be held to no less strict a standard where a constitutional requirement is involved.

The weight of American authority is that a failure to vote by recorded roll call vote, when required, is mandatory:

> Where the law declares the action void if yeas and nays are not taken and recorded, the provision is always construed as mandatory. Although, in the absence of such a declaration, such a provision may be declaratory only, the weight of judicial view appears to be that, notwithstanding such absence, the provision is mandatory and cannot be disregarded.

4 McQuillen, *Municipal Corporations* § 13.44, at 871. Although *Danville* is a nineteenth century decision, the Commonwealth has presented no authority that it is not good law. Finding that the analysis of the Court in the *Danville* decision remains persuasive, I conclude that if faced with the issue of the validity of an ordinance passed in violation of the recorded roll call requirement of Article VII, § 7, of the Virginia Constitution, the Supreme Court of Virginia would hold that the ordinance was nugatory.

### III. *Conclusion*

For the foregoing reasons, this Court concludes that the Ordinance was not enacted in accordance with Article VII, § 7, of the Virginia Constitution and is therefore void. As a consequence, the defendants may not be adjudicated habitual offenders pursuant to Virginia Code Section 46.2-351 based upon convictions for violations of Virginia Code Section 18.2-266, since that part of the Code of Virginia has not been incorporated in the Code of the County of Fairfax by a valid ordinance.

Orders consistent with this opinion have been entered by the Court. The order adjudging Mr. Collins an habitual offender has been vacated, effective July 27, 1995.