David **COHEN**, Councilman; Thomas Paine Cronin, President (AFSCME); Lance Haver, Education Director; James Shigaki, 12th and Somerville STS Residents Association, Appellants,

v.

Edward G. **RENDELL**, Mayor; John F. Street, President of City Council; and City of Philadelphia.

Commonwealth Court of Pennsylvania.

Argued Oct. 8, 1996.

Decided Nov. 6, 1996.

---

Samuel C. Stretton, for Appellants.

Richard G. Feder, for Appellees.

Before PELLEGRINI and KELLEY, JJ., and RODGERS, Senior Judge.

PELLEGRINI, Judge.

Thomas Paine Cronin, Lance Haver, and James Shigaki (collectively, Private Citizens), and Councilman David Cohen, appeal from the November 22, 1995 order of the Court of Common Pleas of Philadelphia County (trial court), which granted the preliminary objections of Edward G. Rendell (Mayor of the City of Philadelphia), John F. Street (Council President), and the City of Philadelphia, (collectively, City) and dismissed the complaint of Private Citizens and Cohen with prejudice.

On July 28, 1995, Private Citizens and Cohen filed a complaint against City, seeking a declaratory judgment that the 28 city ordinances approved during Council's June 22, 1995 session were not properly adopted pursuant to the procedures set forth in the Philadelphia Home Rule Charter (Charter),[1] specifically § 2–201[2] of the Charter, and were, thus, invalid.

The facts alleged by the complaint of Private Citizens and Cohen are as follows. During the June 22, 1995 session of Philadelphia City Council (Council), Council elected to vote on 28 non-related ordinances collectively

---

1. The Philadelphia Home Rule Charter is codified at 351 Pa.Code §§ 1–100—12–503.

2. 135 Pa.Code § 2–201.

rather than individually. All 28 bills were passed by a consent vote without individual consideration or individual votes. Private Citizens and Cohen sought declaratory relief on the basis that those bills, passed by a consent vote, were invalidly passed in violation of the Charter and are ineffective.

The record reflects that Council adopted a consent resolution so that a collective roll call vote could be taken on a number of ordinances at one time. That resolution was not approved by a unanimous vote. Rather, the transcript of the June 22, 1995 Council meeting indicates that a roll call vote on the resolution was adopted by Council vote and recorded as 12 ayes and one nay (with only Cohen voting nay). (R.R. A–45). As to the 28 ordinances, Council's chief clerk read the numbers of each of the 28 bills and, upon question of whether the bills shall finally pass, the votes were recorded at one time as 11 ayes and one nay. (R.R. A–45). Again, with the exception of Cohen, all Council members voted to approve those ordinances. The transcript of the Council proceeding does not indicate how each individual Council member voted, either on each of the 28 ordinances or on the total package, though the Journal of the City of Philadelphia does indicate the individual votes as to the package of 28 ordinances.

Private Citizens and Cohen sought injunctive relief enjoining the City from enforcing any of those ordinances. In response, City filed preliminary objections alleging that Private Citizens and Cohen lacked standing to bring their complaint, and by demurrer, that such complaint failed to state a claim upon which relief could be granted. The trial court granted City's preliminary objections and dismissed the complaint of Private Citizens and Cohen with prejudice. The trial court held Private Citizens were not able to demonstrate standing to bring this lawsuit, because none demonstrated that he was directly or adversely affected by any of the 28 ordinances. As to Cohen, the trial court held that even though Cohen may have had standing, he was never denied his right to vote, so

he was not aggrieved by any action of Council.

■■ Though holding that Private Citizens and Cohen lacked standing and were not aggrieved, the trial court went on to address the merits of their complaint, and found that even if they had standing, there was no merit to their contention that the Charter was violated because Council complied with all of its requirements. The trial court affirmed its November 2, 1995 order granting the preliminary objections of City and dismissing the complaint of Private Citizens and Cohen. This appeal followed.[3]

■■ As to the standing issue, Private Citizens contend that each have standing to maintain the action since each has an interest in Council following the Charter's procedure for adopting ordinances. In order for Private Citizens to have standing as "aggrieved" citizens, they must assert more than the common interest of all citizens in procuring obedience to the law. *See William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975). "Standing is the requirement that the person bringing the action be adversely affected by the matter they seek to challenge to assure that they are an appropriate party to bring the matter to a judicial resolution." *Drummond v. University of Pennsylvania,* 651 A.2d 572, 577 (Pa.Cmwlth.1994). A person who is not adversely affected in any way by the matter he seeks to challenge cannot be "aggrieved" and, thus, has no standing to seek judicial resolution of his case. *William Penn, supra.* Rather, he or she must allege a "direct" interest by which he or she demonstrates the causation of harm to his or her interest by the matter of which he or she complains. *Id.*

■■ Private Citizens clearly do not possess the type of interest in the result of the ordinances necessary to obtain standing because they have not asserted anything more than an interest common to all citizens. Though they contend that Cronin and Haver represent citizens of the City of Philadelphia

---

**3.** Our scope of review of a decision of the trial court sustaining preliminary objections in the nature of a demurrer is limited to a determination of whether there has been an error of law or

an abuse of discretion. *Hicks v. Metropolitan Edison Co.,* 665 A.2d 529 (Pa.Cmwlth.1995), *petition for allowance of appeal denied,* 544 Pa. 638, 675 A.2d 1253 (1996).

who "would be affected by the various passed Ordinances", they have failed to specifically allege that any interest of either Cronin or Haver has been directly affected here. And, though they contend that Shigaki was directly affected because one of the 28 ordinances affected "streets in the area in which Shigaki lived and encompassed by members of his civic group", Private Citizens have not pled any facts that would show that he is specifically aggrieved.

■ Councilman Cohen, however, as a Council member, possesses the requisite standing to bring the complaint against the City. In *Morris v. Goode,* 107 Pa.Cmwlth. 529, 529 A.2d 50 (1987), we considered whether individual members of a city council have standing to seek injunctive relief based on council's failure to comply with the voting procedures mandated by the Charter. In *Morris,* we held that the plaintiffs, as council members, possessed a legal interest granted by the Charter in having a quorum present to vote on council resolutions. *Id.* 529 A.2d at 53. In other words, council members individually possess a legal interest in enforcing the voting procedures established by the Charter, and have standing to seek declaratory relief when such procedures are violated.

And, in an analogous situation, in *Zemprelli v. Thornburg,* 47 Pa.Cmwlth. 43, 407 A.2d 102 (1979), we held that a Pennsylvania State Senator's right to have Governor's nominations to vacant appointed offices submitted within the constitutional period conferred a legal interest upon him by which he possessed standing to seek a judicial remedy against the Governor when he failed to submit such nominations. Because Cohen, as an elected, voting member of Council, has a legal and direct interest in ensuring that Council follows the procedures set forth by the Charter, we hold that he does possess standing to bring his case against the City.

■ As to the merits, Cohen contends that the voting procedures set forth in the Charter were violated by Council's use of a "consent agenda" adopting the procedure of collective voting which violated Section 2–201 of the Charter which requires that an individual vote be taken on each proposed ordinance.

Cohen argues that the adoption of a consent agenda, by which votes are taken collectively, violates that provision for two reasons. First, the ordinances in question contained more than one subject, and second, such vote does not provide each council member with an opportunity to individually vote, thereby preventing or at the least, greatly diminishing the right of each council member to vote on each individual ordinance.

Section 2–201(1) of the Charter provides that "[e]very proposed ordinance ... shall contain not more than one subject which shall be clearly and adequately expressed in its title." Section 2–201(6) provides that "[w]hen any bill is on final passage, votes shall be taken by ayes and nays and the names of the councilmen voting for and against the bill shall be entered on the journal of proceedings." The issue before us then is whether Cohen has set forth a cause of action by alleging that Council's collective vote on multiple bills violates the voting procedures set forth by the Charter. More specifically, when Council (by a vote of 12 to 1), adopted a resolution "suspending the Rule of Council to permit a single roll call vote" on 28 separate bills, and then voted by a single vote (of 11 to 1) to adopt the 28 bills, it violated Section 2–201(1) or (6) of the Charter.

Where a charter contains a provision requiring that an aye and nay vote be taken and the names of individuals so voting be recorded on a council's permanent record, the general rule is that such requirement is mandatory. *See 56 American Jurisprudence 2d (1971) 372, Municipal Corporations, Counties & Other Political Subdivisions, § 346; see also Natural Gas & Fuel Corp. v. Norphlet Gas & Water Co.,* 173 Ark. 174, 294 S.W. 52 (1927). "A constitutional provision or controlling provision concerning the manner of recording the vote must be complied with when constitutions require the vote of each member on the passage of bills to be recorded." *Section 526, Mason's Manual of Legislative Procedure,* (1989 Edition). The purpose behind such provisions is to ensure that the public knows what is being voted on and the how their representatives voted. *56 Am.Jur.2d, § 346; State ex rel. Savarese v.*

*Buckeye Local School District Board of Education,* 74 Ohio St.3d 543, 660 N.E.2d 463 (1996). Ordinances that failed to comply with the requirements of a Home Rule Charter have been struck down. *See Schultz v. City of Philadelphia,* 385 Pa. 79, 122 A.2d 279 (1956), *overruled in part by Mt. Lebanon v. County Board of Elections,* 470 Pa. 317, 368 A.2d 648 (1977).

While no cases exist in Pennsylvania[4], in *People ex rel. Anderson v. Chicago and North Western Railway Company,* 396 Ill. 466, 71 N.E.2d 701 (1947), the court set forth the standard for the valid adoption of an ordinance pursuant to a requirement (similar to the one at issue here) that, "[t]he yeas and nays shall be taken upon the question of the passage of the designated ordinances, resolutions, or motions and recorded in the journal of the city council." (Ill.Rev.Stat.1943, chap. 24, art. 9, par 9–47). In response to a record of voting that appeared in the council's minutes as "Aye 5. Nay None. Carried.", the court relied on the "unbending rule that nothing short of a roll call vote with each individual's vote will constitute an aye-and-nay vote as required by statute." *Id.* Noting that the legislative purpose behind the requirement of individual votes was to provide a "lasting memorial" of each council member's individual action, the court in *Anderson* held that in order for an ordinance passed by Council to be valid, the record regarding its passage had to demonstrate that a roll call vote was taken and indicate the vote of each individual. Because the record in *Anderson* failed to demonstrate the mandatory taking of a roll call vote, as required, the ordinance passed by such vote was held to be invalid.

Similarly, in the *Village of Mettawa v. Carruthers,* 175 Ill.App.3d 772, 125 Ill.Dec. 379, 530 N.E.2d 537 (2d Dist.1988), council, in its minutes, did not identify the ordinance at issue by number, did not reflect that a roll call vote was taken, and did not show the vote of each individual trustee. The only record in the minutes was that the vote on the ordinance was five ayes, one nay, and one absent. The court considered whether that recording was sufficient under the same provision of the Illinois Municipal Code as in *Anderson.* Though acknowledging that there is no requirement that the showing of a roll call and the content of such vote be apparent on the face of the minutes or other records, so long as additional evidence of such is present, because in this case the record as a whole did not reflect a roll call and the individual members' vote on the ordinance, that ordinance was held to be ineffective. *See also City of Lewistown v. Braden,* 9 Ill. 2d 620, 138 N.E.2d 504 (1956). When a vote is required by constitution, charter, or controlling statute to be taken in a particular manner, it must be taken in that manner and, a separate vote is usually required on each separate action taken by a legislative body. *See Section 530, Mason's Manual of Legislative Procedure,* (1989 Edition). So, where the record as a whole fails to demonstrate a roll call vote and a recording of individual votes, the presumption of the validity of the ordinance is overcome. *Carruthers, supra.*

While those cases are from another jurisdiction, we believe their reasoning is equally cogent here. If the record here fails to indicate that the council members did not intend to vote on the bills individually but as a whole, then the mandate that each council member's vote be recorded on each bill is not satisfied. However, nothing in the charter requires that each bill be called, then a vote taken; it only requires that each vote be recorded as to each bill. For example, on the 28 bills, the proper procedure would be for council to vote yes to all bills but 13, 17 and 26. By this procedure, the votes of each council member are recorded separately as to each bill, not collectively as to a joint resolution.

---

**4.** By letter dated October 20, 1992, the then City Solicitor of Philadelphia issued Opinion No. 92–66 in response to City Council's inquiry as to whether an amendment to its Rules to create a "consent agenda" was permissible. The Solicitor, admitting that no Pennsylvania appellate decisions were on point, concluded that "provisions like Charter Section 2–201 preclude the taking of a single vote on several ordinances at once." Moreover, she recommended that if Council were to adopt a consent agenda, that a unanimous vote on the consent agenda be taken by roll call. She wrote, "[w]ithout such a record, the consent agenda in my opinion, would almost certainly be held to violate Section 2–201 of the Charter."

At oral argument, counsel for the City alleged that is what occurred, but Cohen's complaint alleges that Council did not intend to vote on each of the 28 ordinances separately (i.e.—voting yea to ordinances numbers one through ten, 15 and 28, and nay to ordinances numbers 11 through 14 and 16 through 27), but intended to and did vote on all 28 as one collective group or package. Because we must accept as true all well pleaded facts on preliminary objections, if Cohen's allegations are borne out, Council's procedure violated Section 2–201(6), requiring that each bill receive a separately recorded vote from each member of Council, not that multiple bills receive a single vote, because it does not record a separate vote on each separate bill.

Accordingly, the decision of the trial court granting City's preliminary objections is affirmed as to Private Citizens, but the decision of the trial court granting City's preliminary objections is reversed as to Cohen. This case is remanded to the trial court for further proceeding consistent with this opinion.

RODGERS, Senior Judge, dissents.

*ORDER*

AND NOW, this 6th day of November, 1996, the order of the Court of Common Pleas of Philadelphia County, dated November 2, 1995, is affirmed in part as to the grant of the preliminary objections with respect to Private Citizens, and reversed in part as to the grant of preliminary objections with respect to Cohen. This case is remanded for further proceedings as to Cohen's complaint consistent with this opinion.

Jurisdiction relinquished.